# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 9, 2009

Charles R. Fulbruge III
Clerk

No. 08-60315
Summary Calendar

FREDERICK MOSHE OMONDI

Petitioner

v.

ERIC H HOLDER, JR, US ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A96-044-375

Before DAVIS, GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

Frederick Moshe Omondi is a native and citizen of Kenya. He was ordered to be deported to the United Kingdom, if accepted, or to Kenya, for failing to abide by the terms of his student visa. He appeals the denial of his claims for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). To obtain relief, Omondi "must show that the evidence he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

presented was so compelling that no reasonable factfinder could fail to find" that he was entitled to relief. *INS v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992).

The Immigration Judge (IJ) and the Board of Immigration Appeals (BIA) agreed that Omondi's asylum claim is barred because he did not raise it within one year of entering the United States. *See Arif v. Mukasey*, 509 F.3d 677, 680 (5th Cir. 2007); 8 U.S.C. § 1158(a)(2)(B), (D). Omondi fails to challenge this issue and, in any event, we lack jurisdiction to review the factual basis for this ruling. *Arif*, 509 F.3d at 680.

To obtain withholding of removal, Omondi must show "that it is more likely than not that [his] life or freedom would be threatened by persecution on account of his race, religion, nationality, membership in a particular social group, or political opinion." *Id.* "[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Id.* (internal quotation marks and citation omitted).

Omondi argues he faces a likelihood of persecution or torture by Kenyan police because they detained and beat him once in 1997 for his involvement in a student riot. This single detention does not rise to the level of persecution. *See Abdel-Masieh v. INS*, 73 F.3d 579, 584 (5th Cir. 1997). Moreover, Omondi has made no showing that the detention was due to his "race, religion, nationality, membership in a particular social group, or political opinion." *Arif*, 509 F.3d at 680-81.

Omondi contends that the Kenyan government would detain him upon his return to Kenya because he was deported on criminal grounds. He based this assertion on the experience of an acquaintance who had been deported for drug trafficking and detained for several days on his return. This contention is baseless because Omondi's 2007 federal conviction for trafficking in stolen property is not the ground for his removal. Moreover, his single item of unconfirmed anecdotal evidence does not compel a finding that the BIA's rejection of this claim was incorrect.

Omondi primarily asserts that he fears persecution from the outlawed Mungiki organization. The Mungiki began as an anti-Western religious, cultural, and political movement but is now generally regarded as more of an underworld gang, implicated in widespread murder, robbery, extortion, kidnaping, and other forms of terrorism and violence. Omondi testified that his mother was once a Mungiki cleric. After the Mungiki began to take on a more violent and criminal aspect, Omondi's mother renounced her membership in the organization. Evidently as a result of her defection, she was murdered by a Mungiki death squad.

"Persecution" must be inflicted under government sanction, or by groups "the government is unable or unwilling to control." *Adebisi v. INS*, 952 F.2d 910, 914 (5th Cir. 1992) (internal quotation marks omitted). Similarly, torture for purposes of Omondi's claims for relief under the CAT must be "with the consent or acquiescence of a public official or other person acting in an official capacity." *Zhang*, 432 F.3d at 345. The Mungiki are not a government organization, and Omondi's own evidence shows that the government of Kenya is actively fighting the Mungiki. We cannot conclude that the Kenyan government is unwilling or unable to control the Mungiki.

Moreover, Omondi does not challenge the BIA's finding that he is not in a similar situation as his murdered mother who was a former Mungiki cleric targeted for defecting from the Mungiki. In addition, given the evident metamorphosis of the Mungiki into a criminal gang, Omondi has failed to establish that any action taken against him by the Mungiki would be on account of a forbidden reason rather than as a personal vendetta or random criminal act. *Cf. Elias-Zacarias*, 502 U.S. at 482 (holding that "the mere existence of a generalized 'political' motive" does not establish persecution on forbidden ground); *see Mwembie v. Gonzales*, 443 F.3d 405, 414 (5th Cir. 2006) (denying relief despite evidence of egregious abuse because the persecution was not on account of any of forbidden reason).

Omondi fails to make any argument specific to the CAT or to establish that it is more likely than not that he would be tortured if returned to Kenya. Omondi's CAT claim is both waived and unsubstantiated. *See Mwembie*, 443 F.3d at 415-16.

Omondi further contends in a conclusional manner that his IJ hearing was unfair due to bias and prejudice; the immigration courts' treatment of Africans violates the Equal Protection and Due Process clauses; the immigration courts failed to consider evidence of changed conditions in Kenya; the BIA erred by adopting the IJ's decision without opinion; the presumption that his federal crime involved moral turpitude deprives him of due process; and the immigration courts failed to consider cumulative hardship factors. He has failed to offer any argument or authorities in support of these bare assertions; they are insufficient to preserve issues for appeal. *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Omondi has failed to show that the evidence compelled a conclusion other than that reached by the IJ and BIA. *See Elias-Zacarias*, 502 U.S. at 483-84. The petition for review is DENIED.