# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 13, 2010

No. 09-60448

Lyle W. Cayce
Clerk

PERIS WANJIRU KAMAU; JAMES KAMAU MEREKA,

Petitioners

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA Nos. A94-889-025; A94-889-026

Before GARZA and BENAVIDES, Circuit Judges, and CRONE, District Judge.[*]

PER CURIAM:[**]

Peris Wanjiru Kamau, a native and citizen of Kenya, petitions for review of the decision of the Board of Immigration Appeals ("BIA") adopting and affirming the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Kamau's claims are based on her fear of being forcibly circumcised by

---

[*] District Judge for the Eastern District of Texas, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-60448

the Mungiki sect, a political and religious group which advocates female genital mutilation ("FGM").[1]

This court reviews the BIA's legal conclusions de novo and its findings of fact, including its determination that an alien is not eligible for withholding of removal, for substantial evidence. *See Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under the substantial evidence standard, this court will affirm the BIA's determination unless the evidence compels a contrary conclusion. *See Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996).

**Exhaustion**

Kamau argues that she is entitled to asylum and withholding of removal based on past persecution and a well-founded fear of future persecution because of: (1) her religion and political opinion; and (2) her membership in a particular social group, "consisting of women who have not had FGM." The respondent argues that this court lacks jurisdiction to address her second argument because Kamau failed to exhaust it before the BIA. Judicial review of a final removal order is available only if the applicant has exhausted all administrative remedies as of right. 8 U.S.C. § 1252(d)(1). Failure to exhaust administrative remedies creates a jurisdictional bar to this court's consideration of an issue. *Wang v. Ashcroft*, 260 F.3d 448, 452 (5th Cir. 2001).

Kamau challenges the respondent's assertion that she failed to exhaust her claim of persecution on account of membership in a particular social group. She argues that the IJ discussed and considered the issue in his oral decision and that she raised the issue in her brief before the BIA. However, the IJ's decision addressed her claim in terms of religion and political opinion only. Moreover, although her brief before the BIA listed membership in a particular

---

[1] In Kamau's application for asylum, withholding of removal, and relief under CAT, she named her husband as a derivative applicant. This opinion's reference to Kamau encompasses both applicants.

social group as a basis for relief generally, she did not expressly argue that she was a member of a particular social group. The BIA's decision adopted and affirmed the IJ's decision. Because Kamau failed to exhaust her claim of past persecution or a well-founded fear of future persecution on the basis of membership in a particular social group before the BIA, this court lacks jurisdiction to address the claim. *See Claudio v. Holder*, 601 F.3d 316, 317-19 (5th Cir. 2010). Although the respondent also argues that Kamau failed to exhaust her claim for relief under CAT, because the BIA considered this claim in its opinion, this court has jurisdiction to address the denial of relief under CAT. *Lopez-Dubon v. Holder*, 609 F.3d 642, 644 (5th Cir. 2010) (holding that "[i]f the BIA deems an issue sufficiently presented to consider it on the merits, such action by the BIA exhausts the issue as far as the agency is concerned and that is all that [8 U.S.C.] § 1252(d)(1) requires to confer our jurisdiction" (quoting *Sidabutar v. Gonzales*, 503 F.3d 1116, 1119 (10th Cir. 2007))).

**ASYLUM**

As previously set forth, Kamau argues that she is entitled to asylum and withholding of removal based on past persecution and a well-founded fear of future persecution by the Mungiki because of her religion and political opinion. To obtain asylum, an alien must prove that she is a "refugee." 8 C.F.R. § 1208.13(a). A refugee is defined as a person unable to return to her country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). Past persecution involves harm inflicted on the alien because of a statutorily enumerated ground by the government or forces that a government is unable or unwilling to control. *Adebisi v. INS*, 952 F.2d 910, 913–14 (5th Cir. 1992). A well-founded fear of persecution results when a reasonable person in the same circumstances would fear persecution if deported. *Jukic v. INS*, 40 F.3d 747, 749 (5th Cir. 1994).

After a hearing, the IJ found Kamau to be a credible witness. Nonetheless, the IJ denied the application for asylum, finding, among other things that the "record does show that the government of Kenya is aggressively pursuing Mungiki and is attempting to bring them under control." In other words, the IJ concluded that Kamau had not shown that the Kenyan government was unable or unwilling to control the Mungiki. After reviewing the record and the briefs, we conclude that the evidence in the record does not compel a conclusion contrary to that reached by the IJ and BIA. *See Omondi v. Holder*, 332 F. App'x 197, 199 (5th Cir. 2009) (declining to find the Kenyan government unwilling or unable to control the Mungiki based on evidence showing that Kenya "is actively fighting the Mungiki").

Kamau also challenges the denial of withholding of removal. Because she has not established a claim for asylum, she cannot meet the higher standard for withholding of removal. *See Eduard v. Ashcroft*, 379 F.3d 182, 186 n. 2 (5th Cir. 2004).

**CAT claim**

Kamau asserts that the BIA wrongly held that she was not eligible for protection under CAT. Kamau asserts that she has substantial grounds for believing that she would be tortured if she returned to Kenya. In Article 3, CAT provides that "[n]o State Party shall expel, return . . . or extradite a person to another State where there are substantial grounds for believing that he would be in danger of being subjected to torture." *Efe v. Ashcroft*, 293 F.3d 899, 907 (5th Cir. 2002). Instead of requiring proof of persecution, CAT requires the higher showing of torture. *Id.* Torture is the intentional infliction of severe mental or physical pain by a public official (or with the consent or acquiescence of a public official) for the purpose of obtaining information, intimidation, punishment, or discrimination. *See* 8 C.F.R. § 208.18(a)(1). Torture is defined as "an extreme form of cruel and inhuman treatment." § 208.18(a)(2). The

4

petitioner has the burden of proving that she will likely be tortured if she is removed.  8 C.F.R. § 208.16(c)(2).

In light of the evidence in the Country Report that the Kenyan government has banned membership in the Mungiki, the evidence in the record does not compel a finding that Kamau, more likely than not, would suffer harm "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity."  § 208.18(a)(1); *see Tamara-Gomez v. Gonzales*, 447 F.3d 343, 351 (5th Cir. 2006) (agreeing "with other circuits that neither the failure to apprehend the persons threatening the alien, nor the lack of financial resources to eradicate the threat or risk of torture constitute sufficient state action for purposes of the Convention Against Torture").

The petition for review of the BIA's decision is DENIED.