# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 7, 2012

Lyle W. Cayce
Clerk

No. 11-60166
Summary Calendar

VICTOR KHASANDI LITANYA,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088-297-719

Before SMITH, GARZA, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Petitioner Victor Khasandi Litanya, a citizen of Kenya, petitions for review of a decision by the Board of Immigration Appeals (BIA) dismissing his appeal of the Immigration Judge's (IJ) decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT) and ordering his removal to Kenya. Litanya argues that he presented evidence of past persecution and a well-founded fear of future persecution by the Mungiki sect of Kenya that is both subjectively and objectively reasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The BIA dismissed Litanya's asylum application as untimely and, in the alternative, addressed the merits of the asylum application and denied withholding of removal. As Litanya concedes, we lack jurisdiction to review the BIA's decision agreeing with the IJ's assessment of facts and circumstances affecting the timeliness of Litanya's asylum application. *See Zhu v. Gonzales*, 493 F.3d 588, 595–96 & n.31 (5th Cir. 2007).

To the extent that the BIA alternatively addressed the merits of Litanya's claim for asylum and denied withholding of removal, we will uphold the BIA's factual findings if the findings are supported by substantial evidence. *Silwany-Rodriguez v. INS*, 975 F.2d 1157, 1160 (5th Cir. 1992). "The applicant has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). The Attorney General may grant asylum to aliens who qualify as refugees. 8 U.S.C. § 1158(b); *Chen*, 470 F.3d at 1135. "The applicant may qualify as a refugee either because he or she has suffered past persecution or because he or she has a well-founded fear of future persecution." 8 C.F.R. § 208.13(b). To prevail on a claim of past persecution, an alien must establish that he suffered persecution at the hands of the "government or forces that a government is unable or unwilling to control." *Tesfamichael v. Gonzales*, 469 F.3d 109, 113 (5th Cir. 2006). "To establish a well-founded fear of future persecution, an alien must demonstrate a subjective fear of persecution, and that fear must be objectively reasonable." *Zhao v. Gonzales*, 404 F.3d 295, 307 (5th Cir. 2005) (internal quotation marks and citation omitted). "Persecution" is defined as the "infliction of suffering or harm, under government sanction, upon persons who differ in a way regarded as offensive (e.g., race, religion, political opinion, etc.), in a manner condemned by civilized governments." *Abdel-Masieh v. INS*, 73 F.3d 579, 583 (5th Cir. 1996) (citation omitted).

The BIA agreed with the IJ's determination that "the Kenyan government previously outlawed the Mungiki and other militia groups" and that the Kenyan

government "currently actively targets the Mungiki for the actions they previously committed against citizens." We cannot conclude that the Kenyan government is unwilling or unable to control the Mungiki. *See Adebisi v. INS*, 952 F.2d 910, 914 (5th Cir. 1992); *see also Kamau v. Holder*, 398 F. App'x 57, 59 (5th Cir. 2010); *Omondi v. Holder*, 332 F. App'x 197, 199 (5th Cir. 2009). Litanya has failed to show that the evidence compelled a conclusion other than that reached by the IJ and BIA. *See Chen*, 470 F.3d at 1134.

Litanya has abandoned any challenge to the denial of relief under the CAT by failing to argue the issue in his petition for review. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

The petition for review is DENIED.