# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 20, 2012

Lyle W. Cayce
Clerk

No. 11–60839
Summary Calendar

JORGE PAULINO CUELLAR ANGEL, also known as Jorge Paulino Angel,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 839 388

Before SMITH, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Jorge Paulino Cuellar Angel (Cuellar), a native and citizen of Mexico, seeks review of a decision by the Board of Immigration Appeals (BIA) that he is not entitled to withholding of removal under 8 U.S.C. § 1231 or relief under the Convention Against Torture (CAT). Cuellar asserts that he is eligible for withholding of removal and relief under the CAT because he is a homosexual man who will be persecuted and tortured if returned to Mexico.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11–60839

The BIA's conclusion that an alien is not eligible for withholding of removal or relief under the CAT is a factual finding that we review for substantial evidence. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). "Under the substantial evidence standard, reversal is improper unless we decide not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it." *Id.* (internal quotation marks and citation omitted).

"To be eligible for withholding of removal, an applicant must demonstrate a 'clear probability' of persecution upon return." *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004) (citation omitted). "A clear probability means that it is more likely than not that the applicant's life or freedom would be threatened by persecution on account of either his race, religion, nationality, membership in a particular social group, or political opinion." *Id.*

Cuellar fails to demonstrate a clear probability that he will be subject to persecution if returned to Mexico. He provides no evidence that he suffered past persecution while living in Mexico and admits that he has never been harmed or threatened by anyone for being a homosexual man. Moreover, his unconfirmed anecdotal evidence of isolated incidents of violence against his cousins and his prison-mate in Mexico does not show that it is more likely than not that he will experience the same violence. *See Omondi v. Holder*, 332 F. App'x 197, 198 (5th Cir. 2009). Additionally, Cuellar's assertion that he may be subject to persecution by Mexican police is likewise speculative. While the United States State Department Report (the Report) does note that a homosexual man was attacked and fired from his job after participating in a gay rights protest and then beaten by police and raped while in custody, it does not note how widespread such violence is against homosexual men. The Report also indicates that homosexual conduct has experienced growing social acceptance in Mexico, particularly in Mexico City, Cuellar's home town.

Ultimately, Cuellar provides no "specific, detailed facts showing a good reason to fear that he . . . will be singled out for persecution." *Roy*, 389 F.3d at

2

138 (internal quotation marks and citation omitted). The general societal discrimination against homosexuals in Mexico that Cuellar points to and that the Report documents does not rise to the level of persecution. *See Eduard v. Ashcroft*, 379 F.3d 182, 187 & n.4 (5th Cir. 2004).

"To obtain relief under the [CAT], the alien . . . must show a likelihood of torture upon return to his homeland." *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 350 (5th Cir. 2006). First, the alien must show that it is more likely than not he will be tortured upon return to his homeland, and second, he must show that there is sufficient state action involved in that torture. *Id.* at 350–51.

Cuellar fails to provide evidence that shows that it is more likely than not he will be tortured if he returns to Mexico. He provides no evidence of past torture, *see id.* at 351 n.11, and no evidence that any future torture would be with the consent or acquiescence of a Mexican public official. *See Chen*, 470 F.3d at 1141. Furthermore, there is no evidence of government involvement in the murders of his cousins and his prison-mate, incidents which Cuellar referenced at the hearing before the Immigration Judge. The Report, which describes a gay rights activist being beaten by police and raped while in custody, does not itself demonstrate that it is more likely than not that Cuellar will be tortured by or with the acquiescence of the Mexican police because there is no evidence that such violence against homosexual men is prevalent. *See id.* at 1140.

For the foregoing reasons, we find that the BIA's decision to deny Cuellar withholding of removal and relief under the CAT is supported by substantial evidence. *See id.* at 1134. Cuellar's petition for review is DENIED.