# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 19, 2015

Lyle W. Cayce
Clerk

No. 14-60220
Summary Calendar

CAMILO ANDRES VILLACIS BETANCUR, also known as Camilo Andres
Villacis,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 721 494

Before JOLLY, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Camilo Villacis Betancur (Villacis), a native and citizen of Columbia, petitions for review of a decision by the Board of Immigration Appeals (BIA), dismissing his application for withholding of removal. Villacis sought such relief, as well as under the Convention Against Torture (CAT), based on his purported membership in a particular group, which he identified as

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

individuals who were willing to testify against the guerrilla group Revolutionary Armed Forces of Columbia (FARC).  Villacis asserts he and others were threatened by FARC members after FARC moved into his neighborhood in Medellin (a city in Columbia).

Determinations of ineligibility for asylum, withholding of removal, or relief under the CAT are reviewed for substantial evidence.  *E.g., Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).  Under that standard, an immigration court's factual findings may not be reversed unless "the evidence was so compelling that no reasonable factfinder could conclude against it".  *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009) (citation omitted).

Villacis neither challenges the denial of his CAT claim nor the BIA's conclusion that he waived review of denial-of-asylum relief based on the one-year filing requirement.  Accordingly, he has waived review of those issues.  *E.g., Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008); *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).  As noted, he challenges only the BIA's denying withholding of removal.

Regarding the elements for such relief, Villacis contends only that the immigration judge and BIA erred in concluding:  he failed to show the death threats made against him constituted persecution; and his stated social group was not cognizable for purposes of the REAL ID Act, 8 U.S.C. § 1101 *et seq*.  *See also* 8 U.S.C. § 1101(a)(42)(A).  But, even if Villacis could show substantial evidence compels finding the threats rose to the level of persecution and that he was persecuted on account of a protected ground, he must also establish he suffered persecution inflicted by the "government or forces that a government is unable or unwilling to control." *Tesfamichael v. Gonzales*, 469 F.3d 109, 113 (5th Cir. 2006) (citation omitted).  Villacis does not challenge the BIA's adverse conclusion regarding that element.  Therefore, because Villacis has not shown

the government of Columbia is working with, or unable or unwilling to control, FARC, he has not demonstrated the evidence compels a finding of past persecution. *E.g., Omondi v. Holder*, 332 F. App'x 197, 199 (5th Cir. 2009).

DENIED.