# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 31, 2011

No. 11-60009
Summary Calendar

Lyle W. Cayce
Clerk

ERNEST MAHAKWE OBIE,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A017 136 382

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Nigerian citizen Ernest Mahakwe Obie has filed a petition for review of the Board of Immigration Appeals' (BIA) decision sustaining in part and dismissing in part his appeal of the Immigration Judge's (IJ) denial his applications for a waiver of inadmissibility and relief based on asylum, withholding of removal, and the Convention Against Torture (CAT). Obie disputes only the denial of a waiver of inadmissibility and relief under the CAT.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Thus, he has waived any challenges to the denial of other forms of relief from removal. *See Calderon-Ontiveros v. INS*, 809 F.2d 1050, 1052 (5th Cir. 1986).

Obie argues that the BIA violated the doctrine of res judicata in deciding that his 1993 Texas conviction for delivery of heroin could be considered in his instant immigration proceedings for determining his eligibility for relief from removal, given that he was granted a waiver regarding that conviction in 1994 pursuant to former § 212(c) of the Immigration and Nationality Act. A court may review a final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). Failure to exhaust an issue before the BIA creates a jurisdictional bar. *Omari v. Holder*, 562 F.3d 314, 318-19 (5th Cir. 2009). A petitioner must "fairly present an issue to the BIA to satisfy § 1252(d)'s exhaustion requirement." *Claudio v. Holder*, 601 F.3d 316, 318 (5th Cir. 2010) (internal quotation marks and citation omitted). "[W]here the BIA's decision itself results in a new issue and the BIA has an available and adequate means for addressing that issue, a party must first bring it to the BIA's attention through a motion for reconsideration." *Omari*, 562 F.3d at 320. Obie did not raise the issue of res judicata before the BIA. Accordingly, the issue of res judicata is unexhausted, and we lack jurisdiction to consider it. *See id.* at 319-22; *Heaven v. Gonzales*, 473 F.3d 167, 177 (5th Cir. 2006).

The contention that the BIA erred in upholding the IJ's denial of relief under the CAT is supported only by conclusory statements that raise no dispute as to the BIA's determination that Obie failed to demonstrate the requisite government acquiescence to any torture that he might experience if returned to Nigeria. Thus, Obie has failed to adequately brief the issue, and his conclusory challenge to the denial of relief under the CAT is deemed abandoned. *See Garrido-Morato v. Gonzales*, 485 F.3d 319, 322 n.1 (5th Cir. 2007); *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

The petition for review is DISMISSED.