# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 12, 2012

No. 11-60570
Summary Calendar

Lyle W. Cayce
Clerk

ZHEN YUAN,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 346 926

Before BARKSDALE, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Zhen Yuan challenges the denial of relief by the Board of Immigration Appeals (BIA). A native and citizen of China, she applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). In doing so, she asserted that Chinese family-planning authorities discovered her underage pregnancy, abducted her, forced her to undergo a medical exam, scheduled a forced abortion, confined her, and beat her in such a way that caused movement in the fetus' position. (The child was later born in the United

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States.)  Yuan's written statement and oral testimony contained inconsistences concerning the stage of her pregnancy during relevant events and concerning whether she was confined to a cell under a mountain or in a small house. Additionally, her statements contained inconsistencies concerning who advised her to come to the United States, facilitated contact with a smuggler, and gave her a Canadian passport.  She also submitted forged notarial certificates to authenticate the documents that purportedly proved her story.

The immigration judge (IJ):  denied withholding of removal, after finding Yuan was not credible;  denied asylum, on the ground that Yuan's application was time-barred; and denied relief under the CAT, because Yuan failed to show it was more likely than not that she would be tortured if she returned to China. The BIA affirmed the credibility finding and the denial of relief.

Yuan does not adequately address either the BIA's determination that her asylum application was time-barred, or the finding that she was not likely to be tortured upon her return to China.  Therfore, she has abandoned her asylum and CAT claims.  *E.g.*, *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Accordingly, only  the withholding-of-removal claim remains.

Our court may review the BIA's decision, but not the IJ's.  *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994).  Where, as here, however, the IJ's findings affected the BIA's decision, the IJ's findings are also reviewable. *Id.*  Factual findings are reviewed for substantial evidence, and our court will not reverse such a finding unless the evidence compels it. *Id.* "The alien must show that the evidence was so compelling that no reasonable factfinder could conclude against it." *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009).

To obtain withholding of removal, an applicant must show a clear probability that she will be persecuted upon return to her home country.  *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004).  Under the REAL ID Act, the applicant's testimony, by itself, may be sufficient to sustain the burden of

proving eligibility for relief, "but only if the applicant satisfies the trier of fact that [her] testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate" that she is entitled to relief. 8 U.S.C. § 1158(b)(1)(B)(ii); *see also id.* § 1231(b)(3)(C).

In challenging the IJ's adverse credibility finding, Yuan asserts for the first time that certain inconsistencies between her written statement and her testimony resulted from an erroneous translation of the written statement. Of course, our court lacks jurisdiction to consider issues not raised before the BIA. 8 U.S.C. § 1252(d)(1); *Claudio v. Holder*, 601 F.3d 316, 318 (5th Cir. 2010).

Additionally, Yuan contends the discrepancies between her written and oral statements concerning the stage of her pregnancy during relevant events were insignificant. The IJ was required to consider the totality of the circumstances in making the credibility determination, including "the consistency between the applicant's . . . written and oral statements . . . , without regard to whether an inconsistency . . . goes to the heart of the applicant's claim". 8 U.S.C. § 1158(b)(1)(B)(iii). Accordingly, the IJ appropriately considered the discrepancies. *See id.*; *Wang*, 569 F.3d at 538-39.

Yuan also contends it was improper for the IJ to make an adverse credibility determination based on her submission of fraudulent notarial certificates because the record does not show that she had reason to know the documents were forgeries. Yuan admitted that she knew her father obtained the certificates when government offices were closed for the Chinese New Year and that her father paid an exorbitant sum for them. The Second Circuit cases she cites are inapposite, as the IJ did not make the adverse credibility determination based solely on the fraudulent documents, and the IJ found that Yuan had reason to believe the documents were falsified.

In the light of the inconsistencies in Yuan's statements and the fraudulent documents she submitted, Yuan fails to demonstrate that "it is plain that no reasonable fact-finder could make . . . an adverse credibility ruling". *Wang*, 569

No. 11-60570

F.3d at 538 (internal quotation marks omitted); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii).   Accordingly, the adverse credibility determination is supported by substantial evidence.  *See Wang*, 569 F.3d at 538, 540.

Next, Yuan notes that she has not had an opportunity to testify about her fear of future persecution due to having two children born in the United States (one of which was born after her testimony before the IJ).  "Due process challenges to deportation proceedings require an initial showing of substantial prejudice."  *Bolvito v. Mukasey*, 527 F.3d 428, 438 (5th Cir. 2008) (internal quotation marks omitted).  Because Yuan fails to explain how the additional testimony would have altered the adverse credibility determination or otherwise show that it would have affected the outcome of the proceeding, her contention lacks merit. *See id.*

DENIED.