# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 17, 2010

Charles R. Fulbruge III
Clerk

No. 08-61060

THOMAS JAN MARION VILLARINA CLAUDIO, also known as Marion
Claudio,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Petitioner Marion Claudio petitions this court for review of the Board of
Immigration Appeals' ("BIA") final order of removal.  Claudio, a native and
citizen of the Philippines, was granted lawful permanent resident status in 1995.
In 2007, he pleaded guilty to one count of first-degree aggravated robbery with
a deadly weapon.[1]  Based on that conviction, Claudio was charged with
removability under 8 U.S.C. § 1227(a)(2)(C) for having used a firearm in

---

[1] Claudio pleaded guilty to violating TEX. PENAL CODE ANN. § 29.03.
Section 29.03 provides: "A person commits an [aggravated robbery] offense if he
commits robbery as defined in Section 29.02 and he: . . . uses or exhibits a deadly
weapon."

connection with the aggravated robbery.[2] Claudio argued that the conviction did not support removability. The immigration judge ("IJ") found that the conviction documents established that a firearm had been used in the offense and sustained the charge of removability.

Claudio applied for cancellation of removal, which the IJ denied after a hearing. Claudio then filed a notice of appeal with the BIA, stating that the IJ erred in denying cancellation and that he was not deportable because the term "firearm" does not appear in the Texas aggravated robbery statute under which Claudio was convicted and is not an element of the offense. Claudio indicated that he would file a brief in support of his appeal. Claudio then filed a brief but did not address whether he was removable under 8 U.S.C. § 1227(a)(2)(C) on the basis of his conviction. The BIA considered the issue abandoned and declined to consider it. Claudio did not file a motion for reconsideration.

Claudio now contends that the issue of removability was sufficiently raised in his notice of appeal to the BIA and that we should either consider it in the first instance or remand to the BIA with instructions to consider the issue. He relies on the Third Circuit's decision in Hoxha v. Holder, that exhaustion of an issue "does not require an appellant before the BIA, who has clearly identified an issue in his notice of appeal, to reiterate and to address that same issue in an optional brief." 559 F.3d 157, 163 (3d Cir. 2009). The Government responds that Claudio failed to exhaust the issue and thus we lack jurisdiction.

Under 8 U.S.C. § 1252(a)(2)(C), this court lacks jurisdiction to review a final order of removal against an alien removable for a violation of § 1227(a)(2)(C), except that we may review constitutional claims or genuine questions of law. 8 U.S.C. § 1252(a)(2)(D). But even so, a constitutional claim or question of law may be reviewed only if "the alien has exhausted all

---

[2] Section 1227(a)(2)(C) provides that "[a]ny alien who at any time after admission is convicted under any law of . . . using, owning, possessing, or carrying . . . a firearm . . . in violation of any law is deportable."

administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). Failure to exhaust is a jurisdictional bar. Omari v. Holder, 562 F.3d 314, 317 (5th Cir. 2009). We have previously rejected the argument that a petitioner may "effectively" exhaust claims and have instead required that "parties must fairly present an issue to the BIA to satisfy § 1252(d)'s exhaustion requirement." Id. at 321. This court reviews jurisdictional issues de novo. See Balogun v. Ashcroft, 270 F.3d 274, 277 (5th Cir. 2001).

We have not previously considered whether a petitioner exhausts his claims by raising all of them in a notice of appeal to the BIA, but addressing only some in a supporting brief. That question is squarely presented here. The Ninth Circuit has held that when a petitioner files a brief, he will "be deemed to have exhausted only those issues he raised and argued in his brief before the BIA." Abebe v. Mukasey, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc). The Sixth Circuit, in dicta, has likewise stated that "all issues not raised in an appellant's brief[] [are waived], even if the issue has been raised in the notice of appeal." Ramani v. Ashcroft, 378 F.3d 554, 558 (6th Cir. 2004). "The rationale underlying this principle is that where a brief is filed with the BIA, the arguments presented within it supersede the statements made in the preliminary notice of appeal." Hassan v. Gonzales, 403 F.3d 429, 433 n.5 (5th Cir. 2005); accord Abebe, 554 F.3d at 1208 ("[W]hen a petitioner does file a brief, the BIA is entitled to look to the brief for an explication of the issues that the petitioner is presenting to have reviewed."). Thus, "arguments presented in the notice of appeal and not adopted in the subsequently filed brief are waived, unless the BIA addresses them in its decision." Hassan, 403 F.3d at 433 n.5.

We find the Sixth and Ninth Circuit's reasoning more persuasive than the Third Circuit's decision in Hoxha. A petitioner seeking review of an IJ's decision must file a notice of appeal with the BIA, see 8 C.F.R. § 1003.3(a)(1), but is not required to file a brief in support of the appeal, see 8 C.F.R. § 1003.38(f). However, when a petitioner indicates on his notice of appeal that he will file a

brief and then fails to do so, the BIA may summarily dismiss the appeal. 8 C.F.R. § 1003.1 (d)(2)(i)(E); see also Rioja v. Ashcroft, 317 F.3d 514, 515–16 (5th Cir. 2003). This regulation supports the rule that once a petitioner elects in his notice of appeal to file a brief, that brief becomes the operative document through which any issues that a petitioner wishes to have considered must be raised. And, although the regulations governing briefs to the BIA do not indicate what must be included in the brief, see 8 C.F.R. § 1003.3(c), the regulations also do not limit the BIA's discretion to address only those issues actually raised in the brief. But see Hoxha, 559 F.3d at 161–63 (distinguishing between BIA regulations governing briefs and rules governing circuit court briefs and concluding that the "doctrine of waiver as applied in the courts of appeals should [not] inform our analysis").

Finally, we note that even if Claudio was uncertain whether he needed to raise the removability issue in his brief, the BIA put him on notice that it considered the issue waived when it issued its order. Claudio could have then filed a motion to reopen or reconsider arguing that he did not waive the removability issue. See, e.g., Omari, 562 F.3d at 320. Yet he inexplicably failed to do so, despite the BIA's clear statement that the issue was waived because it was not briefed.

For the foregoing reasons, we find that the petitioner failed to exhaust the claim that he is not removable. Therefore, we lack jurisdiction and the appeal is DISMISSED.