# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 13, 2010

No. 09-60836
Summary Calendar

Lyle W. Cayce
Clerk

RONG CHEN,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A094 922 375

Before  HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Petitioner Rong Chen seeks review of the decision of the Board of Immigration Appeals denying him asylum, withholding of removal, and relief under the Convention Against Torture.  We deny the petition in part and dismiss it in part for lack of jurisdiction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-60836

I.

Chen, a citizen of the People's Republic of China, operated an internet café in China where customers played a video game called The Legendary World. He also hired several experienced players who played the game to win virtual items that Chen would then sell to his customers for profit. Chen admits that his business was using pirated copies of The Legendary World and paid no royalties to the copyright holder, and he also acknowledges that the Chinese government considers this internet gaming to be a form of illegal gambling.

Although the Chinese government inspects internet cafés on a regular basis, Chen testified that he evaded detection of the illegal activity at his café for several months by simply closing his shop on the days when it was scheduled for inspection. Chinese authorities eventually shut down Chen's internet café and issued a notice for his arrest. Chen's business partner and several employees were arrested, but Chen escaped and fled to the United States, entering the country illegally.

Chen concedes removability, but seeks asylum, withholding of removal, and protection under the Convention Against Torture (CAT). He claims that he has faced past persecution and has a well-founded fear of future persecution for his political opinions and his membership in a particular social group, which he identifies as "the internet gaming community." He also argues that he is entitled to protection under CAT because he will likely be tortured if he returns to China. The Immigration Judge (IJ) denied each of Chen's claims and ordered removal. The Bureau of Immigration Appeals (BIA) summarily affirmed.

II.

Because the BIA adopted the decision of the Immigration Judge without opinion, we review the IJ's decision. *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997). We have jurisdiction to review only those issues where "the alien has exhausted all administrative remedies," 8 U.S.C. § 1252(d), by first presenting

2

the issue to the BIA. *Omari v. Holder*, 562 F.3d 314, 318, 321-22 (5th Cir. 2009). When an alien appeals an IJ's decision and submits a brief to the BIA, "that brief becomes the operative document through which any issues that a petitioner wishes to have considered must be raised." *Claudio v. Holder*, 601 F.3d 316, 319 (5th Cir. 2010).

We review an IJ's determinations on asylum, withholding of removal, and protection under CAT for substantial evidence. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under that standard, this court will not reverse the IJ's decision unless the evidence not only supports a contrary conclusion, but compels it. *Id.*

## III.

To qualify for asylum, an alien must demonstrate either past persecution or a well-founded fear of future persecution on account of one of five protected grounds: (1) race, (2) religion, (3) nationality, (4) membership in a particular social group, or (5) political opinion. *Tesfamichael v. Gonzales*, 469 F.3d 109, 113 (5th Cir. 2006). To demonstrate entitlement to withholding of removal, a petitioner "must demonstrate a clear probability of persecution on the basis of" one of the five grounds for asylum. *Chen*, 470 F.3d at 1138. This is a higher burden than for asylum; thus, a petitioner's failure to establish entitlement to asylum necessarily defeats a claim for withholding of removal. *Id.*

Chen first argues that he faces persecution for his membership in a social group which he identifies as "the internet gaming community." To be eligible for asylum, however, the social group "must share a common immutable characteristic that they cannot change or should not be required to change because it is fundamental to their individual identities or consciences." *Mwembie v. Gonzales*, 443 F.3d 405, 414-15 (5th Cir. 2006) (internal quotation marks and citation omitted). Chen presented no evidence that membership in the online gaming community is so fundamental to one's identity or conscience

that it functions as an immutable characteristic. Indeed, Chen was primarily involved with internet gaming as a means of employment, and we have held that one's occupation is normally not so fundamental that it can be considered immutable. *Id.* at 415.

Chen also argues that he was subject to persecution for his political opinions, but he has not offered any evidence that he was singled out for any political views. To the contrary, there is substantial evidence to support the IJ's determination that Chen's café was seized because it was engaged in unlawful gambling and because it was using pirated computer software. Chen fails to identify any persecution by the Chinese government except for the closing of his illegal business.

The record supports the IJ's conclusion that Chen was not persecuted on account of political opinion or membership in any protected group, but because he was running an illegal business. And because Chen did not establish grounds for asylum, it follows that Chen also cannot meet the more stringent burden for withholding of removal. *See Chen*, 470 F.3d at 1138.

IV.

Chen also argues before this court that he is eligible for protection under CAT because he is likely to be tortured if removed to China. But in contrast to his asylum and withholding claims, Chen made no argument regarding torture or CAT in his brief to the BIA. Because Chen did not fairly present this issue to the BIA, he has not exhausted the claim and we lack jurisdiction to review it. *See* 8 U.S.C. § 1252(d); *Omari*, 562 F.3d at 318-22.

In any event, substantial evidence supports the IJ's determination that Chen has not shown it "more likely than not" that he would be tortured if returned to China. *See* 8 C.F.R. § 208.16(c)(2). Chen presented a letter from his business partner attesting that the partner was imprisoned for three and a half months, but that letter makes no mention of torture. *See Zhang v. Gonzales*, 432

F.3d 339, 345 (5th Cir. 2005) ("The normal incidents of lawful sanctions do not constitute torture."). Chen claims to have been in contact over the internet with several of his former employees, but failed to preserve any of those alleged communications, even though he admits that his attorney had warned him that he would need to offer documents to support his claims. Thus, even if Chen had raised his CAT claim before the BIA, the evidence does not support it.

PETITION DENIED IN PART, DISMISSED FOR LACK OF JURISDICTION IN PART.