# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 21, 2011

No. 10-60576
Summary Calendar

Lyle W. Cayce
Clerk

MOHAMMED MUSTAFA RABEE,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A055 411 741

Before DeMOSS, STEWART, and ELROD, Circuit Judges.

PER CURIAM:[*]

Mohammed Mustafa Rabee applied for asylum, withholding of removal, and relief under the Convention Against Torture, alleging a fear of persecution and torture as a Palestinian living in Israel, of which he is a native and citizen. His application for relief was denied based largely on an adverse credibility finding by the immigration judge (IJ), which was upheld by the Board of Immigration Appeals (BIA) when it dismissed Rabee's appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rabee raises only two issues on appeal: 1) whether the BIA erred in finding that Petitioner's appeal to the BIA did not meaningfully challenge the IJ's negative credibility finding; and 2) whether perceived discrepancies relied upon by the IJ and BIA were sufficient to support a negative finding on credibility.   Rabee first argues that the BIA erred by willfully refusing to acknowledge his arguments concerning the IJ's credibility determination.  He contends that the matter should be remanded because shortcomings in the IJ's decision and in the BIA's opinion preclude judicial review of the credibility determination.  This argument lacks merit.  The IJ's decision and the BIA's opinion reflect that meaningful consideration was given to his arguments concerning credibility.  For example, the IJ identified four inconsistencies in Rabee's presentation, and also noted that Rabee had failed to provide corroborating evidence.  The BIA specifically found no clear error in the IJ's determination that Rabee was not credible.  Rabee has therefore failed to show that the agency's decision is insufficient to permit judicial review.  *Cf. Hernandez-Cordero v. INS*, 819 F.2d 558, 563 (5th Cir. 1987).

Rabee also challenges the inconsistencies identified by the IJ, pointing to record evidence in an attempt to show error.  However, in his appeal brief to the BIA, Rabee only specifically addressed the issue of error in the IJ's determination that there was an inconsistency between his statement to an immigration agent that he did not fear persecution if returned to his home country and his testimony regarding his fear of persecution.  When a petitioner seeks review of an IJ's decision and elects to submit a brief to the BIA, "that brief becomes the operative document through which any issues that a petitioner wishes to have considered must be raised." *Claudio v. Holder*, 601 F.3d 316, 319 (5th Cir. 2010).  We are without jurisdiction to consider Rabee's challenges to the remaining inconsistencies cited by the IJ because he did not raise them before the BIA.  *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004).

The factual findings of an immigration court are reviewed for substantial evidence. *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007). "Under this standard, reversal is improper unless we decide not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it." *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) (internal marks and citation omitted) (emphasis in original). Among the findings of fact that we review for substantial evidence is the conclusion that an alien is not eligible for asylum, withholding of removal, or relief under the CAT. *Id*. Also among those factual findings is an immigration court's determination that an alien is not credible. *Chun v. I.N.S*, 40 F.3d 76, 78-79 (5th Cir. 1994).

Pursuant to the REAL ID Act of 2005, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible." *Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009) (internal quotation marks and citation omitted) (emphasis in original); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii). We will "defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Wang*, 569 F.3d at 538 (internal quotation marks and citation omitted).

The adverse credibility finding here is supported by substantial evidence. As Rabee essentially conceded in his appeal brief to the BIA, there were several minor variances between the written statement that accompanied his application for relief and his testimony at the immigration hearing. More glaringly, Rabee's testimony regarding his fear of persecution was inconsistent with his prior statement that he did not fear persecution or torture if returned to his home country. Rabee's contention that his prior statement is explained by his difficulty with the English language and other surrounding circumstances does not provide a sufficient basis to set aside the agency's credibility determination. *See id*. at 539-40.

No. 10-60576

Rabee has not demonstrated that "it is plain that no reasonable fact-finder could make . . . an adverse credibility ruling." *Id.* at 538 (internal quotation marks and citation omitted). Accordingly, we defer to the findings of the IJ and the BIA that Rabee's testimony was not credible.

PETITION DENIED.