# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 9, 2011

Lyle W. Cayce
Clerk

No. 10-60861
Summary Calendar

GUOBIN CUI,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A099 724 962

Before BENAVIDES, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Guobin Cui, a native and citizen of China, applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). He asserted that authorities forced his wife to have an abortion because the couple violated China's family planning policy and persecuted him because of his Christian faith. The immigration judge (IJ) denied asylum and withholding of removal because Cui was not credible and denied relief under the CAT because he failed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to allege treatment amounting to torture.  The Board of Immigration Appeals (BIA) affirmed the credibility finding and the denial of relief.

Cui asserts that the IJ and BIA erred in determining that he was not credible.  He asserts that the Board "cherry-picked" inconsistent statements without viewing his testimony in light of the totality of the circumstances and all relevant factors as required by the REAL ID Act, 8 U.S.C. § 1158(b)(1)(B)(iii). He asserts that his misstatements were simple mistakes made at a time when he recalled many other details correctly.

Additionally, Cui asserts that much of the confusion concerning his statements can be attributed to clumsy translations by the interpreter and poor questioning and recording by the asylum officer.  Because he did not make these arguments to the BIA, however, we lack jurisdiction to consider them.  *See* 8 U.S.C. § 1252(d)(1); *Claudio v. Holder*, 601 F.3d 316, 318 (5th Cir. 2010) ("[P]arties must fairly present an issue to the BIA to satisfy § 1252(d)'s exhaustion requirement.") (internal quotation marks and citation omitted).

We review the factual findings of an immigration court for substantial evidence.  *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007).  "Under this standard, reversal is improper unless we decide not only that the evidence supports a contrary conclusion, but [also] that the evidence *compels* it."  *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) (internal quotation marks and citation omitted).  Among the findings of fact that we review for substantial evidence is the conclusion that an alien is not eligible for asylum, withholding of removal, or relief under the CAT.  *Id.*

Pursuant to the REAL ID Act of 2005, "an IJ may rely on any inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible."  *Wang*, 569 F.3d at 538 (internal quotation marks and citation omitted); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii). We will "defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is

plain that no reasonable fact-finder could make such an adverse credibility ruling." *Wang*, 569 F.3d at 538 (internal quotation marks and citation omitted).

The adverse credibility finding here is supported by substantial evidence. There were inconsistencies and implausibilities throughout the information provided by Cui concerning his allegations of the forced abortion, his Christian faith, and his persecution on account of his faith. Cui has not demonstrated that "it is plain that no reasonable fact-finder could make . . . an adverse credibility ruling." *Wang*, 569 F.3d at 538 (internal quotation marks and citation omitted). Accordingly, we defer to the findings of the BIA and the IJ that Cui's testimony was not credible and to the denial of asylum and withholding of removal. *See id.*

Cui abandons any challenge to the denial of relief under the CAT by failing to brief it. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

PETITION DENIED.