# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 6, 2012

Lyle W. Cayce
Clerk

No. 11-60667
Summary Calendar

SONG LIN,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 341 831

Before DENNIS, CLEMENT, OWEN, Circuit Judges.

PER CURIAM:[*]

Song Lin, a native and citizen of China, seeks review of a decision by the Board of Immigration Appeals (BIA) dismissing his appeal from an immigration judge's (IJ) denial of his application for immigration relief.  This court reviews an immigration court's rulings of law de novo. *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007).  An immigration court's findings of fact, including any finding that an alien is not eligible for asylum, are reviewed to determine if they are supported by substantial evidence in the record.  *Chen v. Gonzales*, 470 F.3d

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1131, 1134 (5th Cir. 2006). Under substantial evidence review, this court may not reverse a factual finding unless the evidence not only supports a contrary conclusion, but compels it. *Id.*

As the Department of Homeland Security (DHS) concedes, the BIA assumed that Lin had established past persecution. "A showing of past persecution sets up a rebuttable presumption of a well-founded fear of future persecution." 8 C.F.R. § 1208.13(b)(1). DHS may rebut that presumption by showing by a preponderance of the evidence that (1) the "applicant could avoid future persecution by relocating to another part of the applicant's country of nationality" or (2) there has been a "fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution." § 1208.13(b)(1)(i). Both the IJ and BIA determined that DHS had rebutted the presumption by showing both that Lin could relocate safely within China and that there had been a fundamental change in circumstances. Lin has not specifically challenged those determinations in his petition for review. *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004) (holding that an applicant's failure to include specific issues in his petition for review results in abandonment of any claims of error he might have raised regarding the decisions related to those issues). Even if not waived, the record supports those determinations. Lin has not shown that the BIA erred in determining that he was ineligible for asylum. *See Chen*, 470 F.3d at 1134.

Lin also has not shown that the BIA erred in denying his requests for withholding of removal or relief under the CAT. *See Efe v. Ashcroft*, 293 F.3d 899, 907 (5th Cir. 2002); *Faddoul v. I.N.S.*, 37 F.3d 185, 188 (5th Cir. 1994). His remaining arguments either lack relevance or raise a new issue for the first time, which this courts lacks jurisdiction to consider. *See* 8 U.S.C. § 1252(d)(1); *Claudio v. Holder*, 601 F.3d 316, 318 (5th Cir. 2010).

Lin's petition for review is DENIED.