# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 10, 2012

No. 11-60870
Summary Calendar

Lyle W. Cayce
Clerk

JIAN FEI YE,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A094 938 703

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jian Fei Ye, a native and citizen of China, petitions this court for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the Immigration Judge's (IJ) denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Ye argues that the adverse credibility finding regarding past persecution did not preclude the IJ and the BIA from finding that he established a well founded fear of future persecution or that it was likely that he would be tortured if returned

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to China. This is the sole issue for appeal, as Ye does not challenge the adverse credibility finding made by the IJ and affirmed by the BIA. By failing to argue the adverse-credibility-finding issue, Ye has abandoned any claims of error he might have raised regarding the adverse-credibility-finding. *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004).

With respect to Ye's argument related to future persecution and torture, the BIA was not afforded an opportunity to address the issue because Ye did not include any reference to it in his brief submitted to the BIA. *See Claudio v. Holder*, 601 F.3d 316, 319 (5th Cir. 2010). Accordingly, Ye failed to exhaust his administrative remedies as to this issue, and we lack jurisdiction to consider it in the instant petition. *See Omari v. Holder*, 562 F.3d 314, 321 (5th Cir. 2009).

Ye's petition for review is DISMISSED for lack of jurisdiction.