# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 22, 2013

No. 12-60504
Summary Calendar

Lyle W. Cayce
Clerk

DANIEL TEBOH,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A099 646 447

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Daniel Teboh, a native and citizen of Cameroon, has filed a petition for review of the order of the Board of Immigration Appeals (BIA) affirming the denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). In affirming the denial of asylum, the BIA concluded that the immigration judge (IJ) did not err in finding that Teboh was not credible as a witness and that the IJ was reasonable in expecting

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Teboh to corroborate the factual bases for his claim with statements from his immediate family members in Cameroon.

Teboh challenges those conclusions, asserting that he testified consistently about the facts regarding his persecution and that his testimony was sufficiently corroborated. Teboh also asserts that the IJ made irrational assumptions about his ability to gather documents from family members in Cameroon and that the BIA erred in requiring specific corroborating evidence. The BIA's decision to uphold the IJ's adverse credibility determination is reviewed under the substantial evidence standard. *See Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012).

While Teboh discusses the parts of his testimony that were consistent, he does not specifically address any of the numerous inconsistencies cited by the IJ and BIA. "[A]n IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible." *Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009) (emphasis in original) (internal quotation marks and citation omitted); *see* § 1158(b)(1)(B)(iii). Teboh has not shown that the evidence compels the conclusion that he was a credible witness. *See Dayo v. Holder*, 687 F.3d 653, 657-58 (5th Cir. 2012). Additionally, the BIA did not err regarding its determination that Teboh failed to adequately support his testimony with corroborating evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(ii). Accordingly, Teboh has not shown that the BIA erred in affirming the denial of his application for asylum.

Teboh did not present any argument in the BIA challenging the denial of his claims for withholding or removal and relief under the CAT, and we therefore lack jurisdiction to consider such challenges now. *See* 8 U.S.C. § 1252(d)(1); *Claudio v. Holder*, 601 F.3d 316, 318-19 (5th Cir. 2010).

The petition for review is DENIED.