# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-60260
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 9, 2014

Lyle W. Cayce
Clerk

JINGMEI XU; ZENGZHONG ZHANG,

Petitioners

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 492 097
BIA No. A087 492 098

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jingmei Xu and her husband, Zengzhong Zhang, both natives and citizens of China, petition this court for review of the decision of the Board of Immigration Appeals (BIA) dismissing their appeal of the Immigration Judge's (IJ) denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). They argue that the IJ abused his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60260

discretion in denying the continuance requested by their newly retained counsel without considering the obvious deficiency in the performance of prior counsel and that this abuse of discretion tainted his credibility finding.  This is the sole issue for appeal, as Xu and Zhang do not challenge any other findings or conclusions made by the IJ and affirmed by the BIA.  Accordingly Xu and Zhang have abandoned any other claims of error.  *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004).

With respect to the argument that the IJ abused his discretion by failing to consider prior counsel's deficient performance in denying the motion to continue the hearing scheduled for March 8, 2011, the BIA was not afforded an opportunity to address the issue because Xu and Zhang did not include any reference to the failure to consider counsel's performance in the brief submitted to the BIA.  *See Claudio v. Holder*, 601 F.3d 316, 319 (5th Cir. 2010).  Accordingly, Xu and Zhang failed to exhaust their administrative remedies as to this issue, and we lack jurisdiction to consider it in the instant petition.  *See Omari v. Holder*, 562 F.3d 314, 321 (5th Cir. 2009).

The petition for review is DISMISSED for lack of jurisdiction.