# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 9, 2014

Lyle W. Cayce
Clerk

No. 13-60512
Summary Calendar

GREG PHILLIPS, also known as Greg Wally, also known as Gregg Wadarmar Phillips, also known as Wally Wallaces, also known as Peter Williams, also known as Richard Dumars,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A029 772 867

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Greg Phillips, a native and citizen of Jamaica, petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal of the immigration judge's (IJ's) order denying withholding of removal and relief under the Convention Against Torture (CAT). He contends that the BIA failed to fully address his eligibility for a waiver of inadmissibility under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60512

8 U.S.C. § 1182(h) and that he is in fact eligible for that waiver because he has been in the United States for 27 years and his immediate family would suffer extreme hardship if he was removed from the United States.  Phillips has failed to brief, and has thus abandoned, any claims he may have had concerning the determinations that (1) he is ineligible for cancellation of removal, adjustment of status, a waiver under former 8 U.S.C. § 1182(c) (repealed 1996), or asylum, and (2) he is not entitled to withholding of removal or relief under the CAT. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Generally, a court should remand a case to the BIA for consideration of an issue the BIA did not reach in the first instance.  *See, e.g., I.N.S. v. Orlando Ventura*, 537 U.S. 12, 16 (2002).  However, because Phillips cannot apply for the § 1182(h) waiver based on the BIA's findings, remand is unnecessary.  *See Zhao v. Gonzales*, 404 F.3d 295, 310-11 (5th Cir. 2005).

Phillips is a deportable alien already in the United States. Consequently, he cannot apply for a waiver under § 1182(h) without concurrently filing an application to adjust status.  *See* 8 C.F.R. § 1245.1(f); *Cabral v. Holder*, 632 F.3d 886, 891-92 (5th Cir. 2011).  The BIA, however, determined that there was no indication in the record that Phillips was statutorily eligible to adjust status.  Phillips does not challenge the latter determination, and the record contains no evidence to the contrary.  *See* 8 U.S.C. § 1255(i).  Thus, because Phillips cannot apply to adjust status, he has no means of applying for a waiver under § 1182(h).  *See Cabral*, 632 F.3d at 891.

We lack jurisdiction to review Phillips's argument, which was not exhausted before the BIA, that the attorney who represented him in connection with his 1988 conviction rendered ineffective assistance, and thus his plea of

guilty to that offense was involuntary.  *See* 8 U.S.C. § 1252(d)(1); *Claudio v. Holder*, 601 F.3d 316, 318 (5th Cir. 2010).

PETITION DISMISSED IN PART FOR LACK OF JURISDICTION; DENIED IN PART.