# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-60766
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 13, 2014

Lyle W. Cayce
Clerk

SHABBIR AHMED USMAN SAIYED,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A099 756 440

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Shabbir Ahmed Usman Saiyed, a native and citizen of India, petitions for review of the June 2013 decision of the Board of Immigration Appeals (BIA) denying his motion to reopen his removal proceedings or to reconsider its prior decision denying reopening. Saiyed argues that the BIA should have reopened removal proceedings or reconsidered its prior denial of reopening because he suffers from emotional and cognitive limitations that prevented him from

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

properly representing himself in removal proceedings.  Because he raises this argument for the first time in his petition for review and therefore has failed to administratively exhaust the claim, we lack jurisdiction to consider it.  *See* 8 U.S.C. 1252(d)(1); *Claudio v. Holder*, 601 F.3d 316, 318 (5th Cir. 2010). Additionally, Saiyed asserts that the BIA should have reopened his removal proceedings sua sponte because of his cognitive and emotional limitations, his lack of counsel in the proceedings, and errors in the Notice to Appear.  We likewise have no jurisdiction to review the BIA's decision not to reopen removal proceedings sua sponte.  *Ramos-Bonilla v. Mukasey*, 543 F.3d 216, 219-20 (5th Cir. 2008).

Further, Saiyed contends that the BIA should have reopened his removal proceedings because the Notice to Appear contained incorrect information. The Government withdrew the charges in the Notice to Appear and the immigration judge found Saiyed removable based instead on later-filed additional charges related to his 2006 entry.  Saiyed does not address the BIA's determination that his motion to reopen was both time and number barred. His misguided arguments fail to show the BIA's decision to be absent of any "perceptible rational approach." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005).  He has thus shown no abuse of discretion in the BIA's denial of the motion to reopen.  *See Nolos v. Holder*, 611 F.3d 279, 281 (5th Cir. 2010).

Lastly, Saiyed claims that this court should order the proceedings reopened, terminated, or administratively closed.  We have no jurisdiction over such a claim.  *See* § 1252(g).

The petition for review of the BIA's decision is DENIED in part and DISMISSED in part for lack of jurisdiction.