# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60918
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 12, 2015

Lyle W. Cayce
Clerk

MADAN OLI,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 361 698

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Madan Oli, a native and citizen of Nepal, petitions for review of the Board of Immigration Appeals' (BIA) dismissing his appeal of the Immigration Judge's (IJ) denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

Initially, Oli contends the BIA erred in accepting the IJ's determinations that he:  firmly resettled in India; and, alternatively, was able to relocate to

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-60918

Kathmandu from his family home in Dang.  He did not present these claims in his brief to the BIA, however; and it noted he failed to address these findings.  Because these claims are unexhausted, we lack jurisdiction to consider them.  *See Claudio v. Holder*, 601 F.3d 316, 318 (5th Cir. 2010); *Omari v. Holder*, 562 F.3d 314, 321 (5th Cir. 2009).

Additionally, Oli challenges the IJ and BIA's credibility determinations in denying the relief requested here.  Because the BIA relied upon the IJ's credibility determinations, we may review the findings of both the IJ and the BIA.  *See Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).  An IJ's credibility determination is reviewed for substantial evidence, and must be upheld unless "the evidence was so compelling that no reasonable factfinder could conclude against it."  *Id.* at 537.  Accordingly, "if the IJ's credibility determinations are supported by the record, they will be affirmed".  *Id.*  The IJ "may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible."  *Id.* at 538 (emphasis in original); *see* 8 U.S.C. § 1158(b)(1)(B)(iii).

Oli contends the IJ and BIA failed to consider the totality of the circumstances which, he asserts, support:  a credible allegation of past persecution based on a protected basis; and, a reasonable fear of future persecution, including in violation of the CAT.  He maintains, *inter alia*, his justifications for obtaining a passport and his description of his wife's beating at the hands of Maoists were not inconsistent.  Furthermore, Oli asserts that, even if his testimony and documentary evidence contained inconsistencies, any such discrepancies were not apparent, and the IJ was required to give him an opportunity to explain them.

No. 14-60918

The IJ and BIA applied the proper standard in determining whether Oli's allegations were credible.    Although Oli relies upon alternative explanations for his testimony and documentary evidence to clarify the inconsistencies and discrepancies, and maintains some problems may have resulted from translation issues, these assertions do not compel the conclusion that no reasonable trier of fact could have found him incredible.  *See Wang*, 569 F.3d at 538–39.

DISMISSED IN PART AND DENIED IN PART.