# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60668
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 20, 2015

Lyle W. Cayce
Clerk

ROGELIO DELGADO MERINO, Also Known as Rogelio Delgado,

Petitioner,

versus

LORETTA LYNCH, U.S. Attorney General,

Respondent.

Petition for Review of an Order of
the Board of Immigration Appeals
BIA No. A 205  287  790

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Rogelio Delgado Merino, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals ("BIA") dismissing his appeal and affirming a decision of the Immigration Judge ("IJ") that Merino

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was removable under 8 U.S.C. § 1182(a)(6)(A)(i) for being an alien present in the United States without being admitted or paroled.  Merino claims that (1) the BIA engaged in impermissible factfinding; (2) the BIA erroneously relied on form I-213 as a confession by Merino; (3) the BIA applied an unreasonably stringent evidentiary standard; (4) there was substantial evidence of Merino's lawful entry into the United States; and (5) the BIA abused its discretion in holding that form I-213 was alone sufficient to support the IJ's adverse-credibility determination.  Merino also has filed an unopposed motion asking for judicial notice of 8 C.F.R. §§ 212.1(c)(1) and 235.1(h)(1)(iii).

Merino conceded in the district court, and does not challenge here, the determination that he was removable under § 1182(a)(2)(A)(i)(II) for having been convicted of a controlled-substance offense.  Because the IJ's decision that Merino was removable under that subsection is unchallenged and would not be altered even if we were to decide favorably on Merino's challenge to the conclusion that he was present in the United States without being admitted or paroled, we need not address the issue.  *See Capital Concepts Props. 85-1 v. Mut. First, Inc.*, 35 F.3d 170, 176 (5th Cir. 1994).  Consequently, the motion for judicial notice is DENIED as unnecessary.

Merino challenges the IJ's finding that he was not entitled to pre-conclusion voluntary departure.  He contends that 8 C.F.R. § 1240.26(b)-(1)(i)(C) does not require, as a prerequisite for voluntary departure, a concession of removability on every charge.  But he failed to exhaust that claim before the BIA, *see Claudio v. Holder*, 601 F.3d 316, 319 (5th Cir. 2010), so we lack jurisdiction to consider it, *see Omari v. Holder*, 562 F.3d 314, 319 (5th Cir. 2009).

Merino contends that there was substantial evidence to establish his lawful admission into the country and that, consequently, the controlled-

No. 14-60668

substances violation should have been brought under 8 U.S.C. § 1227(a)-(2)(B)(i), which addresses offenses committed by deportable aliens, as distinguished from inadmissible aliens.  Merino therefore asserts that the Notice to Appear contained incorrect factual information and must be terminated so that the government, if it wishes, can institute new charges.  As we have already explained, however, we need not address any argument related to Merino's inadmissibility.

The petition for review is DENIED.