# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 14, 2016

Lyle W. Cayce
Clerk

No. 15-60348
Summary Calendar

IBRAHIM LANGO ODUK,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A097 683 021

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Ibrahim Lango Oduk, a native and citizen of Kenya, petitions this court for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the order of an immigration judge (IJ) denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).  Oduk contends that the BIA erred when it determined that he abandoned his challenge to the IJ's denial of his claim for relief under the CAT.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

He argues that he sufficiently presented the issue to the BIA by raising it in his notice of appeal. Oduk further contends that the CAT claim should have been considered separately from his other claims because the agency's adverse credibility determination is not dispositive of his CAT claim.

Judicial review of a final removal order is available only where the alien has exhausted all administrative remedies of right. 8 U.S.C. § 1252(d)(1). Because the exhaustion requirement is statutorily mandated, an alien's failure to exhaust an issue before the BIA is a jurisdictional bar to this court's consideration of the issue. *Wang v. Ashcroft*, 260 F.3d 448, 452 (5th Cir. 2001). "An alien fails to exhaust his administrative remedies with respect to an issue when the issue is not raised in the first instance before the BIA—either on direct appeal or in a motion to reopen." *Id.* at 452-53. When an alien elects to submit a brief to the BIA, "that brief becomes the operative document through which any issues that a petitioner wishes to have considered must be raised." *Claudio v. Holder*, 601 F.3d 316, 319 (5th Cir. 2010).

Oduk concedes that he did not raise his CAT claim in his appellate brief before the BIA. Oduk also failed to raise in his brief to the BIA his contention that the IJ erred by failing to separately analyze his CAT claim. Therefore, the only issues Oduk raises in his petition for review are unexhausted, and this court lacks jurisdiction to consider them. *See Claudio*, 601 F.3d at 319; *Wang*, 260 F.3d at 452. Accordingly, Oduk's petition for review is DISMISSED for lack of jurisdiction.