# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60034
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 28, 2019

Lyle W. Cayce
Clerk

DEEPAK KUMAR,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 243 665

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Deepak Kumar, a native and citizen of India, petitions this court for review of the Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ) denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture. Kumar argues that the BIA erred in affirming the IJ's adverse credibility finding based on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

inconsistencies and implausible claims and that the IJ and BIA also erred in failing to assign proper weight to his corroborating evidence.

Kumar did not argue in his appeal to the BIA that a prehearing statement in a custodial interview requires a special inquiry prior to being used for impeachment purposes. Nor did he assert in the BIA that the IJ failed to follow the proper procedure before making an adverse credibility finding based on the lack of credible corroborative evidence. Because Kumar failed to exhaust these claims, we lack jurisdiction to review these arguments. *See Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001). Accordingly, this portion of the petition for review is dismissed. *See Claudio v. Holder*, 601 F.3d 316, 319 (5th Cir. 2010).

The substantial evidence in the record support's the IJ's determination that the corroborating evidence presented could not be used to rehabilitate Kumar's credibility. The IJ's and BIA's adverse credibility determinations are substantially reasonable and supported by the record. *See Wang v. Holder*, 569 F.3d 531, 537-40 (5th Cir. 2009); *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996). Because Kumar has failed to show that, under the totality of the circumstances, the evidence is so compelling that no reasonable factfinder could fail to find otherwise, we defer to the IJ's and BIA's adverse credibility determinations. *See Wang*, 569 F.3d at 538-39. In light of these adverse credibility determinations, Kumar has failed to show that the BIA erred in affirming the IJ's denial of his application for asylum, withholding of removal, and relief under the CAT. *Id.*

Accordingly, Kumar's petition for review is DENIED IN PART and DISMISSED IN PART.