# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 19, 2019

Lyle W. Cayce
Clerk

No. 18-60374
Summary Calendar

ELVIA HERNANDEZ CARBAJAL; YAMILET MAYO HERNANDEZ,

Petitioners

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 124 169
BIA No. A208 124 170

Before STEWART, Chief Judge, and GRAVES and DUNCAN, Circuit Judges.
PER CURIAM:[*]

Elvia Hernandez Carbajal, acting on behalf of herself and her minor daughter, Yamilet Mayo Hernandez, seeks review of the dismissal by the Board of Immigration Appeals of their appeal from the denial of their applications for asylum and withholding of removal. Hernandez Carbajal testified that, in Mexico, she and the rest of the passengers on a bus were the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

victims of an armed robbery and that, although she moved to two different places in Mexico following the robbery, she was also afraid to stay in those places because children in those places were being kidnapped from their schools. She further stated that despite her report of the robbery to the police, the police did nothing to address the crime.

We review for substantial evidence the factual conclusions that an alien is not eligible for asylum or withholding of removal. *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009). Under substantial evidence review, we may not reverse the BIA's factual findings unless the evidence compels it. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

To qualify for asylum as a refugee, an applicant must demonstrate either past persecution or a reasonable, well-founded fear of future persecution based on one of five enumerated grounds, including, as relevant here, membership in a particular social group. *See* 8 U.S.C. §§ 1158(b)(1)(A), (B)(i) and 1101(a)(42)(A). For the following reasons, the evidence does not compel a reversal of the BIA's determination that the petitioners are not entitled to asylum. *See Zhang*, 432 F.3d at 344.

To the extent that Hernandez Carbajal defines her particular social group as witnesses to crime and/or kidnapped children who are denied protection by the government, she did not put forth those definitions before the Immigration Judge or the BIA. Because Hernandez Carbajal failed to exhaust her administrative remedies with respect to these claims, we lack jurisdiction to consider them. *See Omari v. Holder*, 562 F.3d 314, 323-25 (5th Cir. 2009). Accordingly, the portion of the petition for review raising these claims is dismissed. *See Claudio v. Holder*, 601 F.3d 316, 319 (5th Cir. 2010).

Further, Hernandez Carbajal has abandoned any challenge to the BIA's determinations that general criminal activities not connected to a protected

ground do not constitute persecution and that there was no nexus between Hernandez Carbajal's proposed particular social group and the alleged criminal activities.  Thus, she has abandoned any challenge to those determinations.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

As Hernandez Carbajal failed to establish persecution, a well-founded fear of future persecution, or that any alleged persecution or potential future persecution was on account of a protected ground, we need not consider whether Hernandez Carbajal's proposed particular social group of women who lack protection by the government is cognizable.  *See Nieves Varela v. Whitaker*, 747 F. App'x 248, 249 (5th Cir. 2019).  Finally, because Hernandez Carbajal does not warrant asylum based on past persecution or a well-founded fear of persecution, she cannot meet the standard for withholding of removal.  *Eduard v. Ashcroft*, 379 F.3d 182, 186 n.2 (5th Cir. 2004).

Accordingly, the petition for review is DENIED IN PART and DISMISSED IN PART.