# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 27, 2022

Lyle W. Cayce
Clerk

No. 20-60767

BERTHA MARIA MARADIAGA-SANDEAL; ERICK DANIEL
RAMIRES-MARADIAGA; YERI JOSUE RAMIRES-MARADIAGA;
EDWIN SADY RAMIREZ-MARADIAGA; JOHAN DANILO RAMIREZ-
MARADIAGA,

*Petitioners*,

*versus*

MERRICK GARLAND, U.S. ATTORNEY GENERAL,

*Respondent*.

Petition for Review from the
Board of Immigration Appeals
Agency No. A206 783 021
Agency No. A206 783 022
Agency No. A206 783 023
Agency No. A206 783 024
Agency No. A206 783 025

Before RICHMAN, *Chief Judge*, and WIENER and WILLETT, *Circuit Judges*.

Per Curiam:*

Bertha Maria Maradiaga-Sandeal and her four children arrived in the United States without documentation. They applied for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). The Immigration Judge (IJ) denied their application and the Board of Immigration Appeals (BIA) dismissed the appeal. Maradiaga-Sandeal did not contest several dispositive findings of the IJ at the BIA. We lack jurisdiction to review those findings and deny her petition.

# I

The facts of this petition are generally not in dispute. Maradiaga-Sandeal and her four children fled Honduras after being kidnapped and extorted by gang members because the family had failed to pay a "war tax" demanded by the gang. One of her children had previously been kidnapped by gang members. The gang had cut off the child's pinky finger and mailed it to the family with a note demanding payment of the war tax. The family was also threatened with death on several occasions when they failed to pay the gang.

Maradiaga-Sandeal and her children—as riders on her application— arrived in the United States without documentation. They claimed to have been persecuted because of their political opinion and membership in a particular social group, which, on appeal, they identify as family members of their father. The IJ determined that the gang's various death threats, when combined with the kidnappings and mutilation of the child's finger, amounted to persecution. The IJ denied relief, however, for several reasons. First, the IJ determined that the proposed particular social groups were not cognizable. Next, the IJ found that Maradiaga-Sandeal had failed to

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60767

demonstrate a nexus between her harm and a protected ground; rather, the IJ found, she was harmed as a result of simple criminal extortion. The IJ also denied relief because Maradiaga-Sandeal had failed to establish that the Honduran government was unwilling or unable to assist her with the gang. Additionally, the IJ denied relief because Maradiaga-Sandeal had failed to establish that she was unable to relocate internally within Honduras. Finally, the IJ determined that Maradiaga-Sandeal was ineligible for relief under withholding of removal or CAT.

Maradiaga-Sandeal appealed to the BIA. She challenged only the IJ's determination regarding her claim to be a member of a particular social group based on her kinship to a particular individual. She did not reference her other proposed particular social groups or the claimed political opinion. She made a single reference to the IJ's findings regarding internal relocation and the Honduran government's ability to assist her, but she did not cite caselaw or make any argument from the record as to why the IJ's findings or conclusions were erroneous. The BIA dismissed Maradiaga-Sandeal's appeal. The Board determined that her particular social group based on kinship was not cognizable under this court's jurisprudence. Further, it determined that the harms she suffered were simple criminal extortion untethered to any protected ground. It also concluded that Maradiaga-Sandeal had waived any argument concerning internal relocation or the ability of the Honduran government to assist her because she had not appealed on either of those grounds. The BIA determined that she had forfeited any arguments for relief under CAT for the same reason.[1]

---

[1] The BIA also addressed Maradiaga-Sandeal's request for voluntary departure, stating that she had not appealed the IJ's denial of that request. Nor does she challenge that denial in her petition for review. It is not before this court.

No. 20-60767

Before this court, Maradiaga-Sandeal repeated her challenge to the IJ and BIA's determination regarding the cognizability of her argument that she is a member of a particular social group based on kinship. She makes a single passing reference to the IJ's determinations regarding internal relocation and the Honduran government's ability to assist her. She did not make any argument concerning her eligibility for CAT relief.

## II

We must first consider our jurisdiction. Generally, we do not have jurisdiction to review claims that petitioners have not first raised to the BIA.[2] The BIA held that Maradiaga-Sandeal had not appealed the IJ's determinations regarding the possibility of internal relocation or the Honduran government's willingness or ability to help her as they relate to her claim for asylum. It deemed those arguments forfeited. We therefore lack jurisdiction to review the BIA's determinations regarding internal relocation or the Honduran government's ability to assist Maradiaga-Sandeal; for the same reason, we lack jurisdiction to review any arguments concerning relief under CAT and claims regarding other particular social groups and an alleged political opinion, which were not pursued before the BIA. Even if we had jurisdiction to review these claims, Maradiaga-Sandeal has failed to brief them adequately before our court. We would therefore deem them forfeited[3] had she not abandoned them.

---

[2] *See, e.g.*, *Ramos-Torres v. Holder*, 637 F.3d 544, 547 (5th Cir. 2011) ("Failure to exhaust is a jurisdictional bar." (quoting *Claudio v. Holder*, 601 F.3d 316, 317 (5th Cir. 2010))); *see also, e.g.*, *Mirza v. Garland*, 996 F.3d 747, 753 (5th Cir. 2021) (observing that "petitioners 'fail to exhaust their administrative remedies as to an issue if they do not first raise the issue before the BIA, either on direct appeal or in a motion to reopen'" (quoting *Omari v. Holder*, 562 F.3d 314, 318 (5th Cir. 2009))).

[3] *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 & n.1 (5th Cir. 2021).

No. 20-60767

## III

To be eligible for asylum, an applicant must prove that she is unwilling or unable to return to her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion."[4]    An alien seeking withholding of removal must demonstrate a "clear probability of persecution" on one of the aforementioned grounds, which is a higher standard than the "well-founded fear of persecution" required for asylum.[5] "An applicant does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country . . . ."[6]    Moreover, "in cases in which the persecutor . . . is a private actor, there shall be a presumption that internal relocation would be reasonable."[7]    Additionally, if the persecutors are not government actors, the applicant "must also establish that the authorities were 'unable or unwilling to control' [the persecutors]."[8]

Maradiaga-Sandeal does not contest that her persecutors were not government actors.  She was required to prove that she could not relocate

---

[4] *Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013) (quoting 8 U.S.C. § 1101(a)(42)(A)); *accord* 8 U.S.C. § 1158(b)(1).

[5] *Revencu v. Sessions*, 895 F.3d 396, 402 (5th Cir. 2018) (internal quotation marks and citations omitted).

[6] 8 C.F.R. § 1208.13(b)(2)(ii); *see also* 8 C.F.R. § 1208.13(b)(3)(i) ("In cases in which the applicant has not established past persecution, the applicant shall bear the burden of establishing that it would not be reasonable for him or her to relocate . . . ."); *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) ("To establish a well-founded fear of future persecution, an alien must demonstrate a subjective fear of persecution, and that fear must be objectively reasonable." (quoting *Zhao v. Gonzales*, 404 F.3d 295, 307 (5th Cir. 2005))).

[7] 8 C.F.R. § 1208.13(b)(3)(iii).

[8] *Sanchez-Amador v. Garland*, 30 F.4th 529, 533 (5th Cir. 2022) (quoting *Tesfamichael v. Gonzales*, 469 F.3d 109, 113 (5th Cir. 2006)).

No. 20-60767

within Honduras, and she also had to prove that the Honduran government was unwilling or unable to control the persecutors.[9] The IJ made clear in her decision that she would have denied relief on those alternative grounds. Maradiaga-Sandeal failed to address these dispositive holdings before the BIA (or this court), so we lack jurisdiction to review them. The fact that we cannot review those elements of the IJ's decision is dispositive of her appeal.

We do not reach Maradiaga-Sandeal's claim for withholding of removal.[10] She did not raise a CAT claim before this court, but we would lack jurisdiction to review it if she had.

*    *    *

We lack jurisdiction to review dispositive portions of the IJ's decision. We DENY the petition for review.

---

[9] *See* 8 C.F.R. §§ 1208.13(b)(2), (3); *Sanchez-Amador*, 30 F.4th at 533.

[10] *See Sanchez-Amador*, 30 F.4th at 531 n.1 ("[B]ecause [the petitioner] has not carried her burden as to asylum, she cannot be entitled to relief on withholding of removal grounds either.").