# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60701
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 1, 2016

Lyle W. Cayce
Clerk

MIGUEL TALAMANTES VALVERDE,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 557 234

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:*

Miguel Talamantes Valverde, a native and citizen of Mexico, petitions for review of the order of the Board of Immigration Appeals (BIA) dismissing his appeal from the Immigration Judge's (IJ) order of removal. He raises two claims: (1) the IJ and the BIA failed to apply the correct standard in denying his claim for relief under the Convention Against Torture (CAT); and (2) the IJ and the BIA erred in denying his asylum claim. Despite noting in his issue

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

statement that he is challenging the denial of withholding of removal, Talamantes Valverde does not address that issue or argue that he has shown a "clear probability" of future persecution. *See Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006). Accordingly, that issue is waived. *See Chambers v. Mukasey,* 520 F.3d 445, 448 n.1 (5th Cir. 2008).

Because the BIA affirmed the IJ's decision based in part on the IJ's reasoning, we may review both decisions. *See Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009); *Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002). We review the factual determination that an alien is not eligible for asylum or relief under the CAT under the substantial evidence standard. *See Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

Talamantes Valverde erroneously asserts that the IJ and the BIA failed to engage in the two-part analysis set forth in *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 350-51 (5th Cir. 2006). The record does not reflect that the IJ and the BIA applied the incorrect legal standard or failed to conduct the proper analysis in considering whether Talamantes Valverde was entitled to relief under the CAT. While Talamantes Valverde may disagree with the ultimate findings in support of the denial of his CAT claim, he does not challenge the findings in his brief. Thus, he has waived any such challenge. *See Chambers*, 520 F.3d at 448 n.1.

As for Talamantes Valverde's asylum claim, the record does not compel the conclusion that Talamantes Valverde is unable or unwilling to return to Mexico "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); *Jukic v. INS*, 40 F.3d 747, 749 (5th Cir. 1994); *see Wang*, 569 F.3d at 537. Although Talamantes Valverde asserts that his membership in a family constitutes "a particular social group"

No. 14-60701

for purposes of asylum, the IJ and the BIA implicitly found that the alleged persecution was based on economic disputes over land ownership and therefore was not on account of Talamantes Valverde's membership in "a particular social group." *See Ontunez-Tursios v. Ashcroft*, 303 F.3d 241, 348, 352-53 (5th Cir. 2002) (holding that alien did not show land ownership dispute was motivated by any protected ground); *Cf. Castillo-Enriquez v. Holder*, 690 F.3d 667, 668 (5th Cir. 2012) ("We do not recognize economic extortion as a form of persecution under immigration law, nor do we recognize wealthy [Salvadorians] as a protected group.") (internal quotation marks and citation omitted). To the extent that Talamantes Valverde asserts that the alleged persecution was based on his political opinion, he provides no discussion of that issue; thus, it is waived. *See Chambers*, 520 F.3d at 448 n.1.

Under the circumstances, we do not address whether Talamantes Valverde suffered persecution at the hands of the "government or forces that a government is unable or unwilling to control," *Tesfamichael v. Gonzales*, 469 F.3d 109, 113 (5th Cir. 2006), or demonstrated a well-founded fear of future persecution, *see Zhao v. Gonzales*, 404 F.3d 295, 307 (5th Cir. 2005).

The petition for review is DENIED.