# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60239
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 18, 2018

Lyle W. Cayce
Clerk

MARGARITO RAMIREZ-MEDRANO,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 211 795

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:[*]

Margarito Ramirez-Medrano has petitioned for review of the decision of the Board of Immigration Appeals (BIA) affirming the ruling of the Immigration Judge (IJ) and dismissing his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Ramirez-Medrano contends that the BIA erred in dismissing his request for withholding of removal. He contends that he was subjected to past persecution

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on account of his membership in a particular social group and that he has a well-founded fear of future persecution if he returns to Mexico.

We consider only the BIA's decision unless, as in this case, "the decision of the [IJ] 'has some impact on the BIA's decision.'" *Hernandez-De La Cruz v. Lynch*, 819 F.3d 784, 785 (5th Cir. 2016) (quoting *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009)).  Fact findings are reviewed for substantial evidence and legal conclusions de novo.  *Hernandez-De La Cruz*, 819 F.3d at 785-86. Under the substantial evidence standard, the BIA's determination will be upheld "unless the evidence is so compelling that no reasonable factfinder could fail to find otherwise." *Tesfamichael v. Gonzales*, 469 F.3d 109, 113 (5th Cir. 2006).

Withholding of removal may be granted to an alien who shows that it is more likely than not that his life or freedom would be threatened upon removal by persecution on account of a protected ground, such as membership in a particular social group. *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004). Substantial evidence supports the BIA's finding that the harm suffered was not on account of a protected ground.  *See Tesfamichael*, 469 F.3d at 113. Ramirez-Medrano's testimony shows that the difficulties he experienced were related to a personal land dispute.  *See Valverde v. Lynch*, 637 F. App'x 187, 188 (5th Cir. 2016); *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 348, 352-53 (5th Cir. 2002).

"[P]ersecution entails harm inflicted on the alien on account of a statutorily enumerated ground by the government or forces that a government is unable or unwilling to control." *Tesfamichael*, 469 F.3d at 113.  Ramirez-Medrano has failed to show that the evidence compels reversal of the BIA's determination that he failed to establish that the Mexican government is unable or unwilling to protect him.  *See id.*  Although Ramirez-Medrano's

testimony was deemed credible, his speculative opinion that the government would not protect him and that contacting the government would only make matters worse was uncorroborated. *See Shehu v. Gonzales*, 443 F.3d 435, 438 (5th Cir. 2006). The petition for review is DENIED IN PART.

Ramirez-Medrano has waived by failing to address in his petition for review the BIA's determination that he waived his asylum and CAT claims by failing to brief them adequately. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). The claims are unexhausted. *See Claudio v. Holder*, 601 F.3d 316, 319 (5th Cir. 2010); *Omari v. Holder*, 562 F.3d 314, 318-19, 322-25 (5th Cir. 2009). Because we lack jurisdiction, *see Omari*, 562 F.3d at 319, the petition for review is DISMISSED IN PART.