# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60302
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 28, 2016

Lyle W. Cayce
Clerk

ZHIQIANG SHA,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 485 274

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:[*]

Zhiqiang Sha, a native and citizen of China, has filed a petition for review of the order of the Board of Immigration Appeals (BIA) affirming the denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). In seeking relief from removal, Sha claimed that he was arrested, detained, and beaten by Chinese police because he participated in a protest in August 2007 concerning the loss of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

money he invested in a fraudulent ant farm pyramid scheme perpetuated by the Yilishen Company. Sha asserted that he was released from police custody only when he needed medical treatment. The police required him to check in regularly, with the intention to imprison him when he was fully recovered.

In affirming the denial of asylum and withholding of removal, the BIA upheld the immigration judge's finding that Sha was not a credible witness and that he provided insufficient evidence corroborating his testimony. The BIA determined that the immigration judge did not clearly err in relying on significant inconsistencies between Sha's testimony and his supporting documents and the implausibility of his timeline of events. Among other findings, the BIA noted that Sha's testimony that he began losing money in 2005 from his Yilishen investment and that he protested in August 2007 was inconsistent with the news articles in the record indicating that Yilishen did not stop making payments and protests did not begin until October 2007, after Sha had supposedly fled to a relative's house in the countryside to escape the police. The BIA further determined that Sha failed to cogently challenge the denial of CAT relief, deeming the issue waived.

Sha contends that the adverse credibility determination was based on speculation and errors and that the BIA did not adequately consider his explanations for discrepancies and the absence of corroborating documentary evidence. Sha further contends that he was required to produce more documentary evidence than a normal asylum seeker can produce, that details omitted in a letter from his wife that was introduced into evidence did not go to the heart of his claims, and that he should not be held responsible for his wife's writing and lack of sufficient detail.

We review the order of the BIA and will consider the underlying decision of the immigration judge only to the extent it was relied upon by the BIA. *Dayo*

No. 15-60302

*v. Holder*, 687 F.3d 653, 658 n.2 (5th Cir. 2012); *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). On review, we defer to a credibility ruling "unless, from the totality of the circumstances, it is plain that no reasonable fact finder could make such an adverse credibility ruling." *Wang v. Holder*, 569 F.3d 531, 538–539 (5th Cir. 2009) (quoting *Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008)). Under the REAL ID Act, which applies to Sha's proceedings, a court may make an adverse credibility determination based on any inconsistency or omission, without regard to whether it goes to the heart of the applicant's claim, as long as the totality of the circumstances shows that the alien is not credible. *Id.* at 537–39.

Here, the inconsistencies and omissions cited by the BIA constitute substantial evidence supporting the adverse credibility finding based on the totality of the circumstances. *See* 8 U.S.C. § 1158(b)(1)(B)(ii), (iii); 8 U.S.C. § 1231(b)(3)(C); *Wang*, 569 F.3d at 538. Sha has failed to show that no reasonable factfinder could disbelieve him. *See Wang*, 569 F.3d at 538.

We review for substantial evidence the BIA's factual determination that an alien is not eligible for asylum or withholding of removal. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Based on the adverse credibility finding against Sha, the BIA's denial of asylum and withholding of removal satisfies the substantial evidence standard.

With respect to relief under CAT, we do not have jurisdiction to review a claim for which the alien has not exhausted his administrative remedies. 8 U.S.C. § 1252(d)(1); *Claudio v. Holder*, 601 F.3d 316, 318 (5th Cir. 2010). The alien "must fairly present an issue to the BIA to satisfy § 1252(d)'s exhaustion requirement." *Omari v. Holder*, 562 F.3d 314, 321 (5th Cir. 2009). We review jurisdictional issues de novo. *Claudio*, 601 F.3d at 318.

No. 15-60302

Sha does not brief any argument regarding the BIA's determination that he waived the issue of his CAT claim by failing to adequately challenge the denial of CAT relief before the BIA. Accordingly, Sha has waived in this court any argument challenging the BIA's determination. *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008). Sha did not file a motion to reopen or reconsider the BIA's determination that he waived the issue of CAT relief. The record reflects that Sha did not exhaust his administrative remedies as to the denial of CAT relief, and this court thus lacks jurisdiction to separately consider the denial of his CAT claim. *See* § 1252(d)(1); *Claudio*, 601 F.3d at 318–19.

The petition for review is DENIED.