# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60340
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 3, 2016

Lyle W. Cayce
Clerk

DIDIER SEMWAGA,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 348 572

Before HIGGINBOTHAM, PRADO and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Didier Semwaga has petitioned for review of the decision of the Board of Immigration Appeals (BIA) affirming and dismissing his appeal from the immigration judge's (IJ) denial of his application for asylum and relief under the Convention Against Torture (CAT).  We review legal conclusions de novo

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and factual findings for substantial evidence. *Orellana-Monson v. Holder*, 685 F.3d 511, 517-18 (5th Cir. 2010).

Semwaga first contends that the BIA abused its discretion by denying his claim for asylum. To the extent that he seeks review of whether he established either a well-founded fear of future persecution or past persecution on account of his membership in a particular social group, we find merit in the Respondent's contention that Semwaga did not exhaust his administrative remedies with respect to these claims because he waived them in his brief to the BIA. *See Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001); *see also Claudio v. Holder*, 601 F.3d 316, 319 (5th Cir. 2010). Semwaga also states that the BIA should have reviewed his request for a humanitarian grant of asylum "with more thoroughness," but by failing to raise any challenge to the BIA's ruling, Semwaga has abandoned the issue. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). The petition is dismissed as to these claims.

He also challenges the denial of his claim for asylum based on past persecution on account of his political opinion. As noted by the BIA, the evidence indicates that he was kidnapped by rebel forces who were looking for soldiers to gain control of a mine-rich area and not that Semwaga was selected for any specific reason, and he has failed to put forth compelling evidence establishing that the denial of his claim for asylum was an abuse of discretion. *See Jukic v. INS*, 40 F.3d 747, 749 (5th Cir. 1994).

Finally, Semwaga contends that the BIA erred by rejecting his claim for CAT relief and concluding that there was no evidence that he was more likely than not to suffer persecution by or with the acquiescence of the government of the Democratic Republic of Congo (DRC). He argues that the record reveals a pattern of willful blindness to the forced recruitment of children and holding them against their will because the "DRC government did not make an effort

to rescue the children from captivity." Semwaga does not, however, cite to any evidence supporting his contention, and the record contains a report reflecting that, although there has not been progress in preventing the forced recruitment of children, some progress had been made in separating the children from the rebel groups and in prosecuting cases of sexual violence against children. The fact that officials try, but are unsuccessful, in their efforts to combat criminal elements does not compel a finding that the DRC government will be willfully blind or acquiesce in acts of torture. *See Chen v. Gonzales*, 470 F.3d 1131, 1142-43 (5th Cir. 2006). Thus, the BIA's conclusion is supported by substantial evidence, and Semwaga has not pointed to any evidence that compels a contrary conclusion. *See id.*

PETITION DENIED IN PART AND DISMISSED IN PART.