# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60238
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 6, 2017

Lyle W. Cayce
Clerk

VIDAL ALBERTO GUEVARA,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 022 363

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Vidal Alberto Guevara, a native and citizen of El Salvador, petitions for review of the order of the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his motion to reopen an in absentia order of removal. Guevara was ordered removed in 2005. We understand Guevara to argue that he had a statutory right to reopen the proceedings, he was entitled to equitable

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

tolling of the statute of limitations, and the BIA should have reopened the proceedings sua sponte.

According to Guevara, he did not receive adequate notice of the removal proceedings because he does not speak English. A removal order entered in absentia may be rescinded upon a motion to reopen filed at any time, if the alien demonstrates, inter alia, that he did not receive adequate notice. 8 U.S.C. § 1229a(b)(5)(C)(i) and (ii); 8 C.F.R. § 1003.23(b)(4)(ii). The record reflects that Guevara was personally served with a notice to appear that gave the date, time, and address of Guevara's removal hearing and warned him of the consequences of failing to appear, and that Guevara received this information orally in Spanish and in written English. We are therefore satisfied that the BIA's findings that Guevara had adequate notice of his removal hearing and that his motion to reopen was not timely filed were not capricious, irrational, or utterly without foundation in the evidence. *See Lugo-Resendez v. Lynch*, 831 F.3d 337, 340-41 (5th Cir. 2016); *Ojeda-Calderon v. Holder*, 726 F.3d 669, 675 (5th Cir. 2013); *Gomez-Palacios v. Holder*, 560 F.3d 354, 358-59 (5th Cir. 2009); 8 U.S.C. § 1229(a)(1)(G).

Guevara has not supplied legal argument or authority to support his stated issue that the statute of limitations for filing a motion to reopen should be tolled "during a federally-recognized state of emergency," referring to Hurricane Katrina. Even with adequate briefing, the record does not indicate that Guevara was entitled to equitable tolling of the limitations period. The record shows that the BIA found that Guevara did not act diligently in seeking rescission of the 2005 removal order and thus implicitly addressed his equitable tolling argument. *See Roy v. Ashcroft*, 389 F.3d 132, 139-40 (5th Cir. 2004). We have jurisdiction to review an illegal alien's request for equitable tolling of a motion to reopen. *Mata v. Lynch*, 135 S. Ct. 2150, 2154 (2015);

No. 16-60238

*Lugo-Resendez*, 831 F.3d at 343-44.  The record reflects that in waiting nine years after he was ordered removed to move to reopen the removal proceedings, he did not act diligently.  *See Lugo-Resendez*, 831 F.3d at 344.

Similarly, Guevara has failed to supply legal argument to support his stated issue that judicial review of the BIA's decision not to exercise sua sponte authority to reopen a case is permitted when there was an error of law or fact. We lack jurisdiction to review the BIA's refusal to exercise its discretionary, sua sponte authority to reopen a case.  *Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 249-50 (5th Cir. 2004).  This portion of the petition for review is dismissed. *See Ramos-Bonilla v. Mukasey*, 543 F.3d 216, 216 (5th Cir. 2008).

We also lack jurisdiction to review Guevara's argument that this court may overturn a prior decision when a statute has been amended, as he failed to present this claim to the BIA.  *See* 8 U.S.C. § 1252(d)(1); *Claudio v. Holder*, 601 F.3d 316, 318 (5th Cir. 2010).  This portion of the petition for review is also dismissed.  *See Claudio*, 601 F.3d at 319.

Accordingly, the petition for review is DENIED IN PART and DISMISSED IN PART.