# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 25, 2021

Lyle W. Cayce
Clerk

No. 20-60099
Summary Calendar

DELMI GUEVARA-DE RIVERA; YURI ROXANA GUEVARA-RIVERA; YESLI ADELI GUEVARA-RIVERA; KEVIN ISAAC GUEVARA-RIVERA,

*Petitioners*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A209 421 259
BIA No. A209 421 260
BIA No. A209 421 261
BIA No. A209 421 262

Before CLEMENT, HIGGINSON, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:[*]

Delmi Guevara-De Rivera and her three children, Yuri Roxana Guevara-Rivera, Yesli Adeli Guevara-Rivera, and Kevin Isaac Guevara-Rivera, petition for review of the decision of the Board of Immigration Appeals (BIA) dismissing their appeal from the immigration judge's denial of their applications for asylum and withholding of removal. The petitioners argue that the BIA erred in finding that they failed to show persecution on account of a protected ground and that the BIA committed reversible legal error by failing to fully analyze the issue of withholding of removal.

We review the BIA's decision and only consider the immigration judge's decision to the extent that it influenced the BIA's decision. *See Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009). The determination that an alien is not eligible for asylum or withholding of removal is reviewed under the substantial evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under that standard, a petitioner must show that "the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Id.*

According to the petitioners, the evidence established that gang members persecuted them due to the protected grounds of political opinion and membership in a particular social group (PSG), namely Salvadoran women, Salvadoran business owners, or family members of Guevara-De Rivera. The Government contends that the petitioners did not exhaust their nexus arguments regarding political opinion and the PSGs of Salvadoran women and Salvadoran business owners, but those arguments are exhausted because they were fairly presented to the BIA in the petitioners' brief or were

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

considered by the BIA on the merits. *See Lopez-Dubon v. Holder*, 609 F.3d 642, 644 (5th Cir. 2010); *Claudio v. Holder*, 601 F.3d 316, 318 (5th Cir. 2010).

The evidence does not compel a conclusion contrary to the BIA's determination that the gang members were motivated solely by financial gain and criminality and that there was no nexus to a protected ground. The BIA's decision is supported by substantial evidence and is consistent with our precedent that economic extortion does not constitute persecution on account of a protected ground. *See Chen*, 470 F.3d at 1134; *Garcia v. Holder*, 756 F.3d 885, 890 (5th Cir. 2014); *Shaikh*, 588 F.3d at 864.

Additionally, given its determination that the alleged persecution did not relate to a protected ground at all, the BIA did not err in reaching its decision on withholding of removal without further analysis of whether a protected ground was "a central reason," or merely "a reason," for the alleged persecution. *See Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 350 (5th Cir. 2002).

The petition for review is DENIED.