# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 16, 2021

Lyle W. Cayce
Clerk

No. 20-60413
Summary Calendar

Jessica Roxana Gonzalez-Gutierrez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of the Order of the
Board of Immigration Appeals
Agency No. A208-762-891

Before Jolly, Willett, and Engelhardt, *Circuit Judges.*

Per Curiam:*

Jessica Roxana Gonzalez-Gutierrez is a native and citizen of El Salvador. She petitions us to review the Board of Immigration Appeals' (BIA) decision that dismissed her appeal from the Immigration Judge's (IJ)

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60413

denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

Gonzalez-Gutierrez alleges errors by both the IJ and the BIA.

As for the IJ, Gonzalez-Gutierrez argues that (1) the IJ misinterpreted the concept of government acquiescence in denying her CAT claim, and (2) her due-process rights were violated when parts of her removal-hearing-testimony transcript were marked as "indiscernible." Gonzalez-Gutierrez has not exhausted these claims, though, because she did not raise them before the BIA. *See Vazquez v. Sessions*, 885 F.3d 862, 868 (5th Cir. 2018); *Omari v. Holder*, 562 F.3d 314, 318–19 (5th Cir. 2009); *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004) (per curiam). Likewise, Gonzalez-Gutierrez has not exhausted her claim that the BIA erred in deeming her CAT claim abandoned. She neither substantively appealed it in her brief to the BIA nor moved the BIA to either reopen or reconsider its determination. *See Vazquez*, 885 F.3d at 868; *Claudio v. Holder*, 601 F.3d 316, 319 (5th Cir. 2010). We therefore lack jurisdiction to review these claims. *See Vazquez*, 885 F.3d at 868; *Wang v. Ashcroft*, 260 F.3d 448, 452 (5th Cir. 2001).

As for the BIA, Gonzalez-Gutierrez contends the BIA erred in (1) affirming the IJ's decision that her proposed particular social group (PSG)—"Salvadoran women who fear gender based violence and delinquency in their home country"—was not cognizable, (2) holding that she failed to establish past persecution and a well-founded fear of future persecution on account of her PSG, and (3) affirming the IJ's denial of withholding of removal. We review factual findings under the substantial-evidence standard and legal questions de novo. *Orellana-Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012). Under the substantial-evidence standard, we may not reverse the BIA's factual findings unless "the evidence was so compelling that no reasonable factfinder could conclude

against it." *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009). Those factual findings include the conclusion that an alien is not eligible for asylum or withholding of removal. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

Applying this standard, we disagree with Gonzalez-Gutierrez that the BIA erred in reviewing her case. Her proposed PSG lacks particularity. It could potentially include every woman in El Salvador, without any limitations or distinguishing factors. *See Orellana-Monson*, 685 F.3d at 519. Accordingly, Gonzalez-Gutierrez has failed to show that her proposed PSG is more than a "catch all" for persons fearing persecution. *Id.* at 518–19. Additionally, the BIA properly affirmed the IJ's decision that Gonzalez-Gutierrez was not persecuted. *Cf. Tesfamichael v. Gonzales*, 469 F.3d 109, 116 (5th Cir. 2006) (requiring "extreme conduct" beyond isolated incidents of "discrimination", "harassment", or "threats"); *Eduard v. Ashcroft*, 379 F.3d 182, 188 (5th Cir. 2004) (same). Substantial evidence similarly supports that Gonzalez-Gutierrez was victimized for personal or general-criminal reasons, and not because of a protected ground. *See Thuri v. Ashcroft*, 380 F.3d 788, 790–93 (5th Cir. 2004) (per curiam). Substantial evidence further supports that Gonzalez-Gutierrez failed to show a well-founded fear of future persecution on account of a protected ground. *See* 8 C.F.R. § 1208.13(b)(2)(i); *Cantarero-Lagos v. Barr*, 924 F.3d 145, 150 (5th Cir. 2019). Because substantial evidence supports the BIA's determination that Gonzalez-Gutierrez failed to show that she was eligible for asylum, she necessarily has also failed to show that she is eligible for withholding of removal. *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002) (quorum).

Accordingly, the petition for review is DISMISSED IN PART and DENIED IN PART.